# Baltimore & Philadelphia Railroad Company, Plff. in Err., *v.* Edward K. Springer.

The proper measure of the injury, sustained by a land owner by reason of an entry upon and appropriation of any portion of his land, is the difference between the market or selling value of his land before and after such entry and appropriation.

In determining this difference in market or selling value, the advantages and disadvantages resulting from the appropriation are to be taken into consideration.

The advantages and disadvantages are to be estimated upon the farm or tract as a whole, and not upon each separate field, though it was a separate property.

An advantage accruing to one farm or tract by reason of the construction of the railroad near or through it cannot be set off against an injury sustained by another piece of property belonging to the same owner.

The owner of a farm or tract, part of which is benefited and another part of which is injured, cannot divide his property arbitrarily so as to exclude from the consideration of the jury the advantages he secures in one place while recovering for the disadvantages suffered in another.

In such a case it is error to admit evidence as to the price offered by an intending purchaser for a portion of the land appropriated.

(Argued February 7, 1888.   Decided March 12, 1888.)

January Term, 1887, No. 175, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Delaware County to review a judgment in favor of the plaintiff in an action of trespass on the case for land damages.   Reversed.

A jury of view awarded $800 as damages to Edward K. Springer for land taken by the Baltimore & Philadelphia Railroad Company.   Springer thereupon appealed.

The facts are fully stated in the opinion.

At the trial before CLAYTON, J., the admission in evidence of a surveyor's draft of plaintiff's lands, across which ran a dotted line indicating the alleged division of his land, and the testimony of the surveyor and plaintiff, on the question of the division of the land, were objected to by the defendant, but the court overruled the objection.   [1, 2]

The plaintiff was asked under objection whether he had had any offers for a portion of the property for building lots before the condemnation. Objection overruled. [3]

He testified that James F. Campbell had offered him $3.50 a front foot. The court also overruled an objection to Campbell's testimony on this offer [5], and permitted George McCall, a witness for plaintiff, to testify that a neighboring farm brought at a sale $425 an acre. [4]

The court excluded as a witness one Henry C. Snowden, offered by the defendant to testify in relation to the value of the land—on the ground that the witness had not shown himself competent to give an opinion as to such value. [6]

The court charged, inter alia, as follows:

As to these divisions the total tract of land owned by the plaintiff is about 46 acres. He alleges that it is really two tracts of land, and that, so far as one of these tracts is concerned, the jury are not entitled to assess damages against him. Upon that subject I will say to you that if you find, upon examining this map, and from the testimony you have heard, that the land as taken by the railroad company takes a part of each of these tracts, then they are to be considered as a whole; and according to the map, it seems to me, the land taken here does take a part of the seventeen-acre tract. If it does, then it is to be considered as a whole a tract of 46 acres. Ordinarily the damages must be confined to the land taken, or to the subdivisions from which the land is taken; and damages to other lots separated by roads or streets, alleys or permanent divisions of the land should not be taken into consideration; but where a man owns an entire tract of land, purchased by one deed, and included in one title, if it is used for one purpose, temporary subdivisions make no difference.

You will allow for the disarrangement of the temporary subdivisions; but you do not change the mode of assessing the advantages or damages to the land. The damages and benefits are to be considered in relation to the whole tract on each side of the road, but the damage to the separate tracts are to be considered separately. Where a whole tract is used for one business the whole tract is to be considered as one; the land must be considered as it stands. If the jury find as a fact that the whole tract of 46 acres has been actually divided into different farms,

separated by fixed lines, not a mere temporary division but actually settled and a reasonably permanent one, then the damages and benefits are to be separately considered; otherwise they are to be considered as one whole tract.    [7]

Verdict and judgment were for plaintiff for $2,569.12.

The defendant took this writ, and the assignments of error specified, *inter alia:* (1–6) The rulings on the evidence; and (7) the portion of the charge quoted above.

*W. B. Broomall,* for plaintiff in error.—The 13-acre tract was not so separated from the remaining land that it should be considered apart in estimating damages.   Harrisburg & P. R. Co. v. Moore, 4 W. N. C. 532.

The third and fifth specifications of error present the contention whether an offer made to the owner to purchase a part of his land, is evidence in his favor on the trial of the issue between the owner and the railroad company.   The only proper test is the opinion of witnesses as to the value of land taken.   East Pennsylvania R. Co. v. Hiester, 40 Pa. 53.

The fourth specification of error presents the contention whether evidence of particular sales is admissible to establish the market value of the land under consideration.   It is inadmissible.   Pennsylvania & N. Y. R. & Canal Co. v. Bunnell, 81 Pa. 414; Pittsburg, V. & C. R. Co. v. Rose, 74 Pa. 362; Hays v. Briggs, 74 Pa. 373; Pittsburgh & W. R. Co. v. Patterson, 107 Pa. 461; East Pennsylvania R. Co. v. Hiester, 40 Pa. 53.

*Geo. B. Lindsay* and *V. G. Robinson,* for defendant in error. —Under the evidence we submit that the 13-acre tract was a separate and distinct property.   Harrisburg & P. R. Co. v. Moore, 4 W. N. C. 532; Todd v. Kankakee & I. River R. Co. 78 Ill. 530.

"The amount of damages claimed for land taken in the constructing of the Wabash & Erie Canal, under the act to provide for a general system of internal improvement, is not affected by the benefits resulting to the claimant in consequence of the canal's enhancing the value of other land of his which is not connected with that taken."   State v. Digby, 5 Blackf. 543.

When a railroad was located over two 40-acre tracts of land owned by the same person, and he released the right of way over

one of the tracts to the company, it was error to estimate benefits that 40 acres would receive by building the road, and deduct the amount from the amount of damages to the other 40-acre tract, by reason of the construction of the road.   The damages and benefits should be confined to each tract separately.   St. Louis, V. & T. H. R. Co. v. Brown, 58 Ill. 61.

OPINION BY MR. JUSTICE WILLIAMS:

The facts disclosed by an examination of the testimony in this case are as follows:

The plaintiff in the court below is the owner of a farm containing 46 acres which is used and controlled by him.   Part of it is let to others to cultivate, and part is cultivated by the plaintiff and his employees.   It is not divided by any natural or artificial boundaries that are visible on the ground; but a surveyor's line has been run across it and its position indicated upon a draft that was placed before the jury by a dotted line.

The surveyor testifies that when the line was run by him there was no fence, no hedgerow, no monuments of any sort on the ground to indicate its location.   The plaintiff testifies that at one time there had been a hedgerow of brush on or near the line run by the surveyor but that he had cleared it away.   The part of the farm lying between the surveyor's line and the Springfield road contains about 13 acres, and has been used for some years as a "truck patch."

It was contended on the trial that this part of the farm should be treated as a distinct and separate property, and left wholly out of view in the assessment of the plaintiff's damages. Whatever advantages accrued to this part of the farm the plaintiff contended belonged to him; and whatever disadvantages were suffered as to the balance of his farm thus divided he claimed a right to recover for.   In this way he cut off all the balance of his farm from the Springfield road, by the surveyor's line, and asked to be paid for the inconvenience thus created.

The general principles applicable to this case have been declared by this court, with such frequency and clearness as to make a discussion of them at this time unnecessary.   They are these:

First. The proper measure of the injury sustained by a land owner by reason of an entry upon and appropriation of any portion of his land is the difference between the market or selling

value of his land before and after such entry and appropriation.

Second. In determining this difference in market or selling value the advantages and the disadvantages resulting from the appropriation are to be taken into consideration.

Third. The advantages and disadvantages are to be estimated upon the farm or tract as a whole, and not upon each separate field as though it was a separate property.

Fourth. An advantage accruing to one farm or tract, by reason of the construction of the railroad near or through it, cannot be set off against an injury sustained by another piece of property belonging to the same owner.

Fifth. Nor can the owner of a farm or tract, part of which is benefited and another part of which is injured, divide his property arbitrarily so as to exclude from the consideration of the jury the advantages he secures in one place, while recovering for the disadvantages suffered in another.

These well-settled rules applied to the facts disclosed in this case show that the contention of the plaintiff cannot be sustained. It was error to submit to the jury the question whether the whole tract of 46 acres has been divided into different farms, separated by fixed lines, not a mere temporary division, but actually settled and reasonably permanent one, for there was no evidence on which such a finding could rest. We think the third assignment of error is also sustained. The question was not what had been offered for some particular building lot, but what was the value of the plaintiff's farm as a whole before and after the railroad had passed through it.

Judgment reversed and *venire de novo* awarded.